IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRIAN J. SPINKS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MONTANA STATE PRISON, LHU-1 FIRST SHIFT SERGEANT (name unknown), LHU-1 SECOND SHIFT SERGEANT (name unknown), LHU-1 THIRD SHIFT SERGEANT (name unknown), and LHU-1 UNIT MANAGER,<br><br>　　　　　Defendants. | CV 14-00059-H-DLC-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Plaintiff Brian Sprinks alleges the Montana State Prison and four correctional officers violated his rights under the Eighth Amendment to the United States Constitution and Montana state law by keeping him in unacceptable conditions of confinement and denying him medical and mental health care. (Doc. 1-1.) Defendants Postma and Conell will be required to respond to the Complaint. Montana State Prison is a state agency protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution and should be dismissed.

1

**JURISDICTION**

Mr. Spinks initiated this lawsuit by filing a Complaint in Montana's Third Judicial District, Powell County. (Doc. 1-1.) Defendant Postma removed the case to federal court. (Doc. 1.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case is properly venued in the Helena Division, which includes all the counties in Montana's Third Judicial District. Local Rule 1.2(c)(3). The case is assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

**ANALYSIS**

Mr. Spinks previously filed a Complaint in this Court raising the same claims he now brings. *See* Civil Action 13-CV-17-H-DWM-RKS, Doc. 2. Mr. Spinks voluntarily dismissed the case on June 5, 2013. Civil Action 13-CV-17-H-DWM-RKS, Doc. 10. Mr. Spinks filed his Complaint in this action in the Montana Third Judicial District Court, Powell County, on February 25, 2014. On July 30, 2014, a Summons was issued to "Josh Postma (a/k/a Second Shift Sergeant (name unknown)." (Notice of Removal, Doc. 1 at 2.) Josh Postma was served on August

22, 2014. (Notice of Removal, Doc. 1 at 2.) On September 11, 2014, Defendant Postma filed a Notice of Removal (Doc. 1) and a Waiver of Reply (Doc. 4) pursuant to Local Rule 12.1 and 28 U.S.C. 1997e(g), preserving his ability to raise all defenses until after the Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A. On October 1, 2014, counsel for Defendant Chris Conell (a/k/a LHU-1 Unit Manager (name unknown)) filed a Notice of Appearance (Doc. 6) and a Waiver of Reply (Doc. 7.)

The Court must now identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. The prior pre-screening order of Mr. Spinks's Complaint in Civil Action 13-CV-00017-H-DWM-RKS concluded that Mr. Sprinks's allegations regarding the dark cell, the unsanitary cell, and the denial of medical and mental health treatment may state a claim. (Civil Action 13-CV-17-H-DWM-RKS, Doc. 9 at 10, *citing Hoptowit v. Ray*, 682 F.2d 1237, 1257-58 (9th Cir. 1982)). However, Mr. Spinks failed to make specific allegations against proper defendants, and Montana State Prison was entitled to Eleventh Amendment immunity.

After reviewing the current Complaint, the Court determines that Defendants

3

Postma and Conell must respond to Mr. Sprinks's allegations regarding cell conditions and the denial of medical care (Complaint, Doc. 1-1 at 6-8, ¶¶ 52, 53, 56, 57, 58, and 59.) For the reasons set forth in the Court's May 24, 2014 Order in Civil Action 13-CV-17-H-DWM-RKS, Montana State Prison should be dismissed based upon Eleventh Amendment immunity.[1]

Mr. Spinks has also named "LHU-1 First Shift Sergeant" and "LHU-1 Third Shift Sergeant" as defendants but has not identified those individuals by name. A plaintiff may name fictitious defendants and may try to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Mr. Spinks may have stated a claim against these unnamed Defendants, but they cannot be served with a copy of the Complaint until Mr. Spinks provides their full names. If Mr. Spinks knows the names of these individuals he should provide

---

[1]One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Sprinks, however, is not seeking prospective relief.

them to the Court. If he does not know these individuals' names, he may conduct discovery after the Court issues a Scheduling Order and may amend his Complaint by the deadline to be set by the Court to name these Defendants.

It is **ORDERED:**

1. Defendants Postma and Conell must respond to the Complaint within 21 days of the date this Order is entered.

2. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

3. Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

4. Mr. Sprinks cannot make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

6. At all times during the pendency of this action, Mr. Sprinks must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Montana State Prison should be dismissed with prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of October, 2014.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge